*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0013P (6th Cir.)
File Name: 00a0013p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee,*<br><br>*v.*<br><br>SCOTT MICHAEL BARBER,<br>*Defendant-Appellant.* | | No. 98-1558 |

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 97-00091—Gordon J. Quist, District Judge.

Argued: May 19, 1999

Decided and Filed: January 11, 2000

Before: NORRIS and COLE, Circuit Judges; SARGUS,[*]
District Judge.

---

[*]The Honorable Edmund A. Sargus, Jr., United States District Judge
for the Southern District of Ohio, sitting by designation.

1

-------------------

## COUNSEL

**ARGUED:** Craig A. Frederick, Grand Rapids, Michigan, for Appellant. Daniel Y. Mekaru, OFFICE OF THE U.S. ATTORNEY FOR THE WESTERN DISTRICT OF MICHIGAN, Grand Rapids, Michigan, for Appellee. **ON BRIEF:** Craig A. Frederick, Grand Rapids, Michigan, for Appellant. Daniel Y. Mekaru, OFFICE OF THE U.S. ATTORNEY FOR THE WESTERN DISTRICT OF MICHIGAN, Grand Rapids, Michigan, for Appellee.

-------------------

## OPINION

-------------------

SARGUS, District Judge. Defendant, Scott Michael Barber, entered a plea of guilty to a violation of 18 U.S.C. §922(g)(1), charging him with knowingly possessing a firearm as a convicted felon. At sentencing, the district court granted the Government's motion for an upward departure based upon its determination that the defendant's criminal history failed to reflect the seriousness of his past criminal conduct. The district court departed upward by three offense levels and sentenced the defendant to a term of incarceration of 96 months.

Defendant, Scott Michael Barber, raises two issues on appeal. The defendant asserts that the district court abused its discretion by granting an upward departure. The defendant also appeals the decision of the district court to depart upon the offense level axis as opposed to the criminal history category.

## I.

On November 11, 1997, defendant entered into a written plea agreement which stated in paragraph 4:

### IV.

Based upon the foregoing, this Court concludes that the district court did not abuse its discretion in determining that the defendant's criminal history did not adequately represent his past criminal conduct or the likelihood that he would commit other crimes. This Court further finds that the trial court's upward departure by three offense levels was warranted by the circumstances of this case and was not an abuse of discretion. Finally, this Court concludes that the trial court's use of the offense level axis, rather than criminal history category, as a basis for departure premised on the defendant's criminal history was not erroneous under the circumstances of this case.

The judgment of the district court is therefore **AFFIRMED**.

While the Government assumes that a departure from the defendant's original offense level rather than criminal history category based on prior criminal conduct was error, this Court is of a different view.[3]  The precise language of U.S.S.G. §4A1.3 encourages a district court to "consider imposing a sentence departing from the otherwise applicable guideline range."  This language does not limit a court to departing in the criminal history category alone and does not prohibit a court from using an increase in the offense level to accomplish the same result.  This is particularly true when the district court articulated the fact that by increasing the offense level, it was reaching the same result as if it increased by two levels the criminal history category.  In this context, this Court is of the view that to reverse a departure on such basis would elevate form above substance.

---

[3]The Government also contends that the defendant did not object to the district court's use of offense levels rather than criminal history categories to depart and has, therefore, waived the right to raise this issue on appeal, absent plain error or defects affecting substantial rights under Federal Rule of Criminal Procedure 52(b).  The district court granted the Government's motion for an upward departure, which had expressly requested an increase in the defendant's criminal history category, rather than an increase in the offense level.  While this Court finds no procedural fault in the method used by the district court in imposing sentence, it does note that this issue raised on appeal resulted from the trial court's use of the offense level axis as a basis for upward departure, an issue not addressed in the Government's motion.  Because the defendant and his counsel were advised of this aspect of the Court's ruling at the time of sentencing, there is no requirement that the defendant object following sentencing. Thus, failure to object *after* sentencing does not waive an opportunity to raise this issue on appeal.  Unlike a circumstance in which a defendant has failed to object to one or more provisions of a presentence investigation report, the conclusions reached by the district court were not submitted in advance with an opportunity to object prior to final sentencing.  Under Federal Rule of Criminal Procedure 32, all parties receive the presentence report and may make objections in advance of sentencing.  While the failure to object to a provision of a presentence investigation report waives appellate review of any issues other than plain error, *United States v. Koeberlein*, 161 F.3d 946 (6th Cir. 1998), this issue involves a decision of the sentencing judge, rather than an adaptation of a provision of a presentence report.

The Defendant understands that, if the Court accepts his plea of guilty, his sentence will be computed under the United States Sentencing Guidelines.  Further, the Defendant understands that the final determination concerning the calculation of his sentence will be made by the Court after its review of the facts and of any report prepared by the United States Probation Office.  He also understands that in certain situations, the Court may depart from the Guidelines.

(Joint Appendix ("JX"), 18.)

The district court accepted defendant's plea of guilty and approved the terms and conditions of the plea agreement.  The presentence report thereafter completed details the defendant's extensive criminal history beginning at age twelve and extending to the time of conviction in this case.

The presentence report documents that the defendant was convicted of fifteen criminal offenses from 1984 through 1996 including larceny, malicious destruction of property, breaking and entering, making a false bomb threat, receiving and concealing stolen property, unlawful use of marijuana, carrying a concealed weapon, and resisting and obstructing a police officer.  Based upon these convictions, the probation officer concluded in the presentence investigation report that the defendant's prior convictions placed him in a criminal history category of IV.  The defendant made no objection to the computation set forth in the presentence investigation report.

The probation officer included the following in the presentence investigation report:

The Court may wish to consider the defendant's extensive criminal record dating back to the age of 12, as a means of imposing an upward departure from the applicable guideline range of imprisonment pursuant to U.S.S.G. §4A1.3.  Mr. Barber has been convicted of a wide range of misdemeanor and felony offenses and it

appears no measure of punishment has been able to deter him from committing crimes.

(JX 127.)

Prior to sentencing, the United States filed a motion for an upward departure. Specifically, the Government contended that the defendant's criminal history category did not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that he will commit other crimes, as referenced in U.S.S.G. §4A1.3. The Government further noted that the defendant received no points for his first nine convictions due to the fact that he was a minor at the time the offenses were committed. Further, the defendant was on lifetime parole in the State of Alabama at the time the offense of conviction occurred. The Government recommended an upward departure in the defendant's criminal history category from a category IV to VI.

At the sentencing hearing, the district court stated:

I find that your Criminal History Category does not adequately reflect your past criminal behavior or the likelihood that you will commit other crimes.

· · ·

Putting aside the crimes that were committed when you were 12 years old, you have been committing crimes since you were 14 years old. You've been a person who will simply not obey the law.

· · ·

You were sentenced to life imprisonment in Alabama and then released on lifetime parole. Yet, you went back and committed several crimes right after that upon your release.

(JX 86-87.) The district court summarized the defendant's criminal history as "unrelenting unremitting lawlessness." (JX 82.)

The fact that the defendant received two additional points for committing the instant offense while on parole does not prohibit the district court from basing a departure on such circumstances. District courts may consider the length of the term of probation, the temporal proximity to the instant offense, and the basis for probation in the first instance. In this case, the term of probation was for life, the instant offense occurred shortly after the imposition of probation, and the underlying criminal offense leading to probation was serious. By way of example, a defendant may be serving a four year term of probation for passing a series of bad checks. If a new conviction resulted in the fourth year of probation, this hypothetical defendant would receive the same points in computing criminal history as the defendant in this case. To insure that very dissimilarly situated defendants are not accorded the same criminal history points, the Sentencing Guidelines wisely encourage a district court to consider whether the criminal history computation is truly reflective of a defendant's past. For these reasons, this Court concludes that the district court did not abuse its discretion in granting an upward departure under U.S.S.G. §4A1.3.

## III.

The defendant asserts that the district court erred in departing three levels on the offense level axis, rather than the criminal history categories, when the stated reasons for departure had to do with prior or future criminal conduct. While the district court based its departure on the defendant's criminal history, it increased the defendant's offense level, rather than his criminal history category. The district court, however, was well aware that the increase in the offense level which it imposed resulted in the identical sentencing range as if the court had simply increased the defendant's criminal history category by two levels, from IV to VI. The district court expressly stated in granting the Government's motion for an upward departure that adding a three level increase in the offense level resulted in the same sentencing range that would result by increasing the defendant's criminal history category from IV to VI.

in a motor vehicle.[2]  Two years later, he was convicted of carrying a concealed weapon and resisting and obstructing a police officer.  One month later, the defendant was convicted of three counts of breaking and entering with intent to commit larceny.

From this, the trial court concluded that the defendant had been committing crimes since early in his youth and continued to do so until the offense of conviction.  The fact that he was released from prison in Alabama and placed on lifetime parole had no deterrent effect on his future criminal conduct.

The defendant contends that the trial court improperly relied upon nine juvenile criminal adjudications which, under U.S.S.G. §4A1.2, resulted in no criminal history points.  Further, the defendant contends that the district court should not have considered an upward departure based on the fact that he was serving a term of lifetime parole in the State of Alabama, since the defendant received two additional points for committing the instant offense while on parole.  The defendant contends that since these factors were already taken into account by the Guidelines, such circumstance could not provide a proper basis for departure.

These arguments ignore the fact that U.S.S.G. §4A1.3 explicitly contemplates and encourages a district court to consider a defendant's likelihood of recidivism together with a more particularized consideration of the defendant's past.  Further, U.S.S.G. §4A1.3 authorizes the Court to consider, in addition to prior conviction, in the computation of criminal history, "prior sentence(s) not used in computing the criminal history category."  Other circuits have held that while juvenile offenses may not be counted in computing criminal history, such offenses may nonetheless be considered as part of a recidivism inquiry.  *See United States v. Croom*, 50 F.3d 433, 435 (7th Cir. 1995).

---

[2]The charge of fleeing a police officer was dismissed.

Based upon its findings that the defendant's criminal history did not adequately represent his past criminal behavior, the district court granted the Government's motion for an upward departure and increased the offense level from 21 to 24.  The district court also explained that, "looked at another way, it's an increase in criminal history category to VI."[1]

## II.

This Court reviews a district court's decision to depart from the Sentencing Guidelines for abuse of discretion.  This Court recently described the seminal decision in *Koon v. United States*, 518 U.S. 81 (1996),  as follows:

> Because questions concerning sentencing departures necessarily address the district court's "refined assessment of the many facts bearing on the outcome, informed by its vantage point and day-to-day experience in criminal sentencing," we normally accord substantial deference to the district court's judgment on the matter.  Nevertheless, "the deference that is due depends on the nature of the question presented."  When the question is "whether a factor is a permissible basis for departure . . . the courts of appeals need not defer to the district court's resolution of the point."

*United States v. Pluta*, 144 F.3d 968, 977 (6th Cir. 1998)(quoting *Koon*, 518 U.S. at 98, 100)(internal citations omitted)).

As the Sentencing Reform Act of 1984, 18 U.S.C. §3551, together with the implementing Sentencing Guidelines make clear, a district court must sentence within the Guidelines range "unless the Court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not

---

[1]Had the district court increased the defendant's criminal history from IV to VI, rather than increasing the offense level from 21 to 24, the resulting guideline range would be the same, that being 77 to 96 months.

adequately taken into consideration by the Sentencing Commission in formulating the Guidelines that should result in a sentence different from that prescribed." 18 U.S.C. §3553(b); *see also* U.S.S.G. Ch. 1, Pt. A4(b). As the Supreme Court explained in *Koon*, a sentencing court considering a departure should address the following questions:

> 1) What features of this case, potentially, take it outside the Guidelines' "heartland" and make of it a special, or unusual case?
> 2) Has the Commission forbidden departures based on those features?
> 3) If not, has the Commission encouraged departures based on those features?
> 4) If not, has the Commission discouraged departures based on those features?

*Koon*, 518 U.S. at 95(quoting *United States v. Rivera*, 994 F.2d 942, 949 (1st Cir. 1993)). While the order of these questions guides the district court, for this Court to determine the appropriate standard of review, the analysis must initially address whether the basis for departure is prohibited, encouraged, or discouraged by the Sentencing Guidelines.

If the district court has departed from the Sentencing Guidelines based upon a prohibited factor (such as a defendant's race, sex, national origin, creed, religion, or socio-economic status, factors prohibited by U.S.S.G. §5H1.10) this Court's analysis is complete and the sentence must be reversed. Much more likely, if the Sentencing Guidelines have not prohibited departures based on what the district court has determined to be one or more unusual aspects of the case, this Court must then consider whether the basis for the departure is encouraged or discouraged by the Sentencing Guidelines.

The motion filed by the Government seeking an upward departure made specific reference to U.S.S.G. §4A1.3 which states that if "[t]he criminal history category does not

adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range." The district court expressly cited this provision of the Guidelines and found that the defendant's completed criminal history neither adequately reflected the seriousness of his past criminal conduct nor did it indicate the likelihood that he would commit other crimes.

Given the formulation set forth in U.S.S.G. §4A1.3, it is clear that the Sentencing Guidelines do not prohibit departures based upon a finding that the criminal history computation is simply not representative of a defendant's past criminal behavior nor indicative of future unlawful conduct. As this Court concluded in *United States v. Pluta*, 144 F.3d at 877, a departure upon this basis is expressly encouraged by the Sentencing Guidelines.

Because the basis for the departure by the sentencing court was an encouraged factor under the Guidelines, we review the decision of the trial court to depart for an abuse of discretion. *United States v. Bond*, 171 F.3d 1047 (6th Cir. 1999); *United States v. Koeberlein*, 161 F.3d 946 (6th Cir. 1998). As noted by the Supreme Court, "[a] district court's decision to depart from the Guidelines . . . will in most cases be due substantial deference, for it embodies the traditional exercise of discretion by a sentencing court." *Koon*, 518 U.S. at 98.

The sentencing court based its decision to grant an upward departure on an abundance of prior criminal conduct committed by the defendant. At the time of sentencing, the defendant was 26 years old. Prior to sentencing, he had been sentenced to life imprisonment in Alabama and was released on February 14, 1994 on lifetime parole. Only a few months later, on May 17, 1994, he was charged with driving with a suspended license, fleeing a police officer and having alcohol