**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Kenneth Gregory NASH, Defendant–Appellant.**

**No. 02–2509.**

United States Court of Appeals, Sixth Circuit.

June 6, 2003.

Before: KEITH, MOORE, and GIBBONS, Circuit Judges.

## ORDER

Kenneth Gregory Nash appeals his conviction and sentence on one count of credit union fraud, in violation of 18 U.S.C. § 1344(1). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On May 23, 2002, a grand jury indicted Nash on credit union fraud after he had deposited seven counterfeit checks totaling $17,728 into his account at Consumers Credit Union. Nash pleaded guilty as charged on August 13, 2002, pursuant to a written plea agreement. While acknowledging that his conduct was criminal, he explained at the plea hearing that the money was owed to him for past work. The U.S. Probation Office interviewed Nash, investigated his background, and discovered that his explanation was untrue, as was much of the information he provided during the interview. Additionally, review of his criminal record indicated that he had a long history of similar conduct. The presentence investigation report (PSR) thus recommended imposing a two level enhancement for obstruction of justice, denying a reduction in offense level for acceptance of responsibility, and departing upward from criminal history category IV to category V. After considering Nash's objections to each, the district

court accepted the recommendations and sentenced Nash to 36 months in prison, 5 years of supervised release, a $1000 fine, and a $100 special assessment.

Nash's court-appointed counsel has filed an appellate brief with this court and also a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that he has reviewed the entire record and has found no meritorious issues. In support of his conclusion, counsel examines the following issues in his brief: 1) whether Nash had entered a valid plea; 2) whether the court properly imposed an enhancement for obstruction of justice; 3) whether the district court properly denied a reduction for acceptance of responsibility; and 4) whether the court had erred by departing upward. Nash has filed a response, arguing that the district court had not properly considered that he had made restitution before pleading guilty and that the district court erred by departing upward after imposing an enhancement for obstruction of justice.

Upon review, we conclude that counsel's motion to withdraw should be granted as counsel has filed an acceptable *Anders* brief.

■ Our review of the guilty plea transcript reveals that the district court complied with the requirements of Fed. R.Crim.P. 11. Following the reading of the indictment and Nash's plea, the court informed Nash of his constitutional rights and made him swear to tell the truth under penalty of perjury. The court next stated the maximum penalties and had Nash give the details of his offense. The court concluded by finding that the plea was freely and voluntarily given and that the indictment was factually accurate. There was no error in this regard. *See United States v. Goldberg*, 862 F.2d 101, 106 (6th Cir.1988).

■ The district court did not commit clear error by enhancing Nash's sentence for obstruction of justice pursuant to USSG § 3C1.1. *See United States v. Boyd*, 312 F.3d 213, 217 (6th Cir.2002); *United States v. Jackson–Randolph*, 282 F.3d 369, 390 (6th Cir.2002). Nash obstructed justice by providing materially false information concerning his criminal conduct at the plea hearing and during his presentence interview. *See United States v. Dunham*, 295 F.3d 605, 609 (6th Cir.2002); USSG § 3C1.1, and comment. (nn.4(f), (h), and 6). Nash falsely testified at this plea hearing that he had a business relationship with the three payors on the checks and was owed money for past work. Then, at his presentence interview, Nash falsely claimed that a man named George Conalin gave him the information needed to manufacture counterfeit checks and that a State Farm Insurance agent named Michael Williamson permitted him to use company equipment to manufacture the checks. When concluding at sentencing that Nash's falsehoods were material, the district court noted that fraud committed to collect money which was legitimately owed and which was needed to feed the family would be materially different from a scam on a nonexistent company.

■ The district court likewise did not commit clear error by denying a reduction for acceptance of responsibility as Nash had received an enhancement for obstruction of justice and as no extraordinary circumstances were present. *See Buford v. United States*, 532 U.S. 59, 64–66, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001); *United States v. Dempsey*, 26 Fed.Appx. 464, 467 (6th Cir.2001) (unpublished); USSG § 3E1.1(a), and comment. (nn.1(b), 3, and 4). In denying the reduction for acceptance for responsibility, the district court commented that Nash had not only been deceitful during the plea hearing, but had

also continued his deceit at the presentence interview after having had time to reflect. This court also notes that Nash did not immediately confess his lies after making them. *See United States v. Harper*, 246 F.3d 520, 528 (6th Cir.), *cert. denied*, 534 U.S. 896, 122 S.Ct. 219, 151 L.Ed.2d 156 (2001), *overruled on other grounds, United States v. Leachman*, 309 F.3d 377 (6th Cir.2002), *cert. denied*, —— U.S. ——, 123 S.Ct. 1769, 155 L.Ed.2d 527 (2003). Rather, Nash's lies were only discovered upon investigation by the probation officer. In the face of Nash's lies, the district court did not err by concluding that, despite restitution paid, Nash had not accepted responsibility.

■ Finally, we conclude that the district court did not abuse its discretion by departing upward. *See Koon v. United States*, 518 U.S. 81, 82, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996); *United States v. Barber*, 200 F.3d 908, 912 (6th Cir.2000). First, we note that Nash received sufficient notice of the possibility of an upward departure through the PSR as well as a notice filed by the district court before sentencing. *See United States v. Anders*, 899 F.2d 570, 576 (6th Cir.1990). Second, the district court properly concluded that Nash's original criminal history category of IV did not adequately reflect the seriousness of his past criminal conduct or the likelihood that he would commit future crimes. *See Barber*, 200 F.3d at 912; USSG § 4A1.3. Although Nash was assessed criminal history points for four similar state crimes involving losses between $220 and $34,048.34, Nash received no criminal history points for a 1989 Illinois conviction for deceptive practice, i.e., a bad check for $7,607.66, a 1989 Michigan conviction for attempted non-sufficient funds check, a 1990 Michigan conviction for attempted false pretenses check involving accounts at 12 financial institutions in three states, a 1990 Michigan conviction for a no account check, or a 1991 Michigan conviction for a non-sufficient funds check. Under USSG § 4A1.3(a), sentences which were not used in computing the criminal history category may be considered in determining whether a defendant's criminal history category does not adequately reflect the seriousness of his criminal past or the likelihood of recidivism. *Barber*, 200 F.3d at 912–13.

Nash's pro se argument lacks merit because the district court based the obstruction of justice enhancement on different conduct than it used to support its decision to depart upward.

Accordingly, counsel's motion to withdraw is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.