NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 04a0006n.06
Filed: October 5, 2004

Case No. 03-2043

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | ON APPEAL FROM THE |
|  | ) | UNITED STATES DISTRICT |
| *Plaintiff-Appellant.* | ) | COURT FOR THE EASTERN |
|  | ) | DISTRICT OF MICHIGAN |
| v. | ) |  |
|  | ) | **O P I N I O N** |
| **LADARIN Q. MITCHELL** | ) |  |
|  | ) |  |
| *Defendant-Appellee,* |  |  |

BEFORE:    NELSON and COLE, Circuit Judges; MARBLEY, District Judge.*

**R. GUY COLE, JR.**, Circuit Judge.  The Government appeals the sentence imposed by the district court on defendant Ladarin Q. Mitchell.  Mitchell pled guilty to a violation of 18 U.S.C. § 922(g) and was assigned a criminal history in Category IV in his Presentence Investigation Report. The district court concluded that criminal history Category IV "over-represented the seriousness of the defendant's criminal history," and accordingly downwardly departed from the sentencing range required by Category IV based upon its conclusion that Mitchell's criminal history category would be more accurately characterized as Category III.

The Government appeals the sentence on the ground that the district court erred in granting Mitchell a downward departure of one criminal history category because: (1) the judge failed to give

---

*The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation

the required notice of his intention to grant a downward departure; (2) Mitchell's assignment in Category IV did not over-represent the seriousness of his criminal history; and (3) the district court impermissibly departed based on Mitchell's apparent substance abuse problem, age, and the fact that he had rejected a two-year plea offer in state court.

For the reasons stated below, we VACATE the sentence and REMAND to the district court for resentencing consistent with this opinion.

**I. BACKGROUND** Mitchell was arrested by Detroit Police on a weapons violation, after firing a gun into the air in a public park. The Wayne County Prosecutor offered Mitchell the opportunity to plead guilty to a state charge of being a felon in possession of a firearm, a crime which carries a two-year sentence. When Mitchell declined a plea bargain in state court, his case was referred to the United States Attorney for the Eastern District of Michigan pursuant to Project Safe Neighborhoods, a federal-state cooperative program aimed at reducing gun violence. The U.S. Attorney charged Mitchell with violating 18 U.S.C. § 922(g), which makes it a crime to be a felon in possession of a firearm. Mitchell then pled guilty.

The United States Probation Department thereupon prepared a Presentence Investigation Report ("PSI"), determining that Mitchell had a total offense level of 17, seven criminal history points, and a criminal history category of IV. The required sentencing range, according to the PSI, should have been 37 to 46 months. The PSI further noted that there were no factors warranting a downward departure from this range. In a written objection to the PSI, Mitchell stated that a downward departure was warranted because he had inadequate representation in the Wayne County court. The basis for this objection was that Mitchell's counsel in state court failed to recommend that he accept the two-year plea offer, which was arguably a more favorable sentence than he likely

would receive in federal court. The Government filed a sentencing memorandum, contesting that a downward departure was warranted or even available.

At sentencing, defense counsel renewed his request for a downward departure on the ground that Mitchell was not adequately advised by his attorney in state court of the consequences of the case being referred for federal prosecution. In its response, the Government contended that Mitchell's state-court attorney was well aware of the possibility of referral for federal prosecution. The Government also noted that there was no evidence that Mitchell was given an inadequate period of time to consider the plea offered by the prosecutor. The district court then raised sua sponte the possibility of a downward departure based on the over-representation of Mitchell's criminal history in Category IV. Turning its attention to the PSI, the district court noted that Mitchell had seven criminal history points, resulting in a criminal history category of IV. The district court then focused on one conviction, a 1995 conviction for attempted possession with the intent to distribute less than 50 grams of cocaine, and concluded that this portion of Mitchell's record, which added two points in the criminal history calculation, "over-represented the seriousness of the defendant's criminal history."

The removal of these two points, to which the Government objected, resulted in five criminal history points and the reduction of Mitchell's criminal history to Category III, which carries a sentencing range of thirty to thirty-seven months. The district court sentenced Mitchell to thirty months' imprisonment, recommending that Mitchell be placed in a drug treatment program for the first twelve months of his incarceration.

## II. ANALYSIS

A. **Over-Representation of Seriousness of Criminal History**

Pursuant to the Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act of 2003 ("PROTECT ACT"), "we review de novo whether the district court has complied with the Act's requirement that the reasons for departure must be stated with specificity in the written order of judgment and commitment and whether the [district court's] departure was based on an impermissible ground." *United States v. Camejo*, 333 F.3d 669, 675 (6th Cir. 2003) (quoting *United States v. Tarantola,* 332 F.3d 498, 500 (8th Cir.2003)).

Mitchell concedes that his criminal history calculates to be Category IV under the federal sentencing guidelines. From there, the district judge applied U.S.S.G. § 4A1.3 (2002), which allows a judge to reduce the criminal history category of a defendant if it "significantly over-represents the significance of the defendant's criminal history." The relevant Guideline states:

> There may be cases where the court concludes that a defendant's criminal history category significantly over-represents the significance of the defendant's criminal history or the likelihood that the defendant will commit further crimes. An example might include the case of a defendant with two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period. The court may conclude that the defendant's criminal history was significantly less serious than that of most defendants in the same criminal history category (Category II), and therefore consider a downward departure from the guidelines.

U.S.S.G. § 4A1.3 (2002). Thus, to determine whether Mitchell's criminal history category significantly over-represents the significance of his criminal history, we must consider whether Mitchell's criminal history is "significantly less serious than that of most defendants in the same criminal history category."

Upon review of the record and Mitchell's criminal history, we conclude that the seriousness of Mitchell's criminal history is not significantly over-represented by his designation in Category IV. The district court removed the two criminal history points assigned for Mitchell's 1995 conviction for attempted possession with intent to distribute less than 50 grams of cocaine. The

district court, however, erred in singling-out this particular conviction. The guideline in question requires us to consider the seriousness of Mitchell's criminal history as a whole, which the district court did not do. Further, the record regarding the 1995 conviction reflects that although Mitchell was initially charged with possession with intent to distribute crack, and pled guilty to the lesser attempt charge, when arrested he possessed 27 baggies of crack cocaine which he was selling on the street. In fact, he was caught because he tried to sell crack to a plain-clothes police officer. The district court erred in its decision not to look at these facts when considering a departure under U.S.S.G. §4A1.3. *See United States v. Ruffin*, 997 F.2d 343, 345-46 (7th Cir. 1993).

Considering Mitchell's criminal history as a whole, we conclude that the seriousness of Mitchell's criminal history is not significantly over-represented by his designation in Category IV. The inquiry is not confined to examining the convictions for which Mitchell received points in his criminal history calculation. *See United States v. Barber*, 200 F.3d 908, 912-13 (6th Cir. 2000). In addition to the three crimes which resulted in the calculation of seven criminal history points that placed Mitchell in a category IV criminal history, Mitchell also has four other convictions not included in his criminal history calculation because they occurred while he was a minor or they fall outside the applicable time period for inclusion in the scoring of his criminal history. These include: 1.) a conviction for unlawful driving away of an auto, receiving and concealing stolen property over $100, and fleeing and alluding a police officer at age 17; 2.) a conviction for disturbing the peace for dancing in front of the mall at age 17; 3.) a conviction for reckless diving at age 17; and 4.) a conviction for carrying a concealed weapon at age 19. These convictions are properly considered when determining Mitchell's eligibility for this departure.

Finally, we reject the Government's argument that the district court impermissibly departed on the basis of age, drug abuse, or the state court plea offer. It cannot be said, on this record, that

the district court actually departed on any of those bases, although the record is less than clear. Further, whether a district court may consider age or drug abuse as a tool to interpret the severity of a criminal history (when considering either an upward or downward departure) is an open question in this circuit, and one which we need not decide in this case. *See, e.g., United States v. Wallace*, — F.3d —, 2004 WL 1636385 (8th Cir. July 23, 2004) (youth, or the absence thereof, is a relevant factor of downward departure from career offender status).

We should also note that, although not argued by Mitchell, he would not be entitled to a downward departure on the ground that his criminal history significantly over-represents the likelihood that he will commit further crimes. U.S.S. G. § 4A1.3 provides "that a defendant's criminal history category significantly over-represents . . . the likelihood that the defendant will commit further crimes." The Government points out that Mitchell "has been in continuous contact with the criminal justice system since 1989," that he has "routinely violated the terms of his release while on probation and parole," and that he has "committed new crimes while under supervision." Mitchell is not entitled to a departure on those grounds.

## B. Notice of Intention to Depart Downwardly

Finally, the Government argues that the district court erred by failing to give it reasonable notice of its intention to grant a downward departure. Rule 32 (h) of the Federal Rules of Criminal Procedure provides:

> Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating a departure. The notice must specify any ground on which the court is contemplating a departure.

We have previously noted that such failure is, in fact, error, *see United States v. Kuhn*, 345 F.3d 431, 436 (6th Cir. 2003) ("The district court's failure to notify the Government that it was planning to depart on this basis was error."); *United States v. Yang*, 281 F.3d 534, 547 (6th Cir. 2002) ("The district court's failure to give notice of its intention to depart, we conclude, was error as well."). Because, however, we determine that the departure was in error in any case, we need not rule on this claim.

**III. CONCLUSION**

For the preceding reasons, we conclude that the district court erred in its determination that Mitchell's criminal history category of IV significantly over-represents the seriousness of his criminal history. Mitchell's sentence is therefore VACATED and the case is REMANDED for resentencing consistent with this opinion.