**NOT RECOMMENDED FOR PUBLICATION**
File Name: 16a0010n.06

No. 14-6334

**FILED**
Jan 07, 2016
DEBORAH S. HUNT, Clerk

**UNITED STATES COURTS OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| MATTHEW HORTON | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |
| | ) | |

**BEFORE:** **BATCHELDER and STRANCH, Circuit Judges; HOOD, District Judge.**[*]

**STRANCH, Circuit Judge.** Matthew Horton argues that his 50-month sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), is substantively unreasonable. The district court imposed an upward variance of 13 months above the applicable advisory guideline range, citing Horton's extensive history of similar offenses, including some committed while a juvenile, as well as the need to deter such conduct in the future. Finding that the district court did not abuse its discretion, we AFFIRM Horton's sentence.

## I. FACTS

On August 29, 2013, the Memphis Police Department received a complaint that two individuals were following a man and appeared to intend to hurt him. When officers arrived at

---

[*]The Honorable Denise Page Hood, United States District Judge for the Eastern District of Michigan, sitting by designation.

the scene, the complainant identified Horton and a companion as the men who had been trailing him. When the officers attempted to detain them, Horton fled, but after a short pursuit the officers were able to detain him. As they arrested him, the officers discovered a loaded Jimenez Arms, Model JA-9, 9 mm pistol in his waistband. The other individual was released.

Horton was indicted by a federal grand jury and charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). He eventually pled guilty without a plea agreement. The Presentence Investigation Report (PSR) prepared for Horton determined that his Base Offense Level was 20, pursuant to USSG §2K2.1(a)(4)(A), because he had committed the offense after sustaining a felony conviction for a crime of violence. Horton's Total Offense Level then was adjusted downward to 17, as he had accepted responsibility for his actions. The PSR determined that Horton's criminal history category was III, and therefore calculated his advisory guidelines imprisonment range to be 30 to 37 months. The PSR also noted that this offense was the seventh occasion on which Horton had been in possession of a firearm, citing three instances of possessing a weapon when he was a juvenile (14,[1] 15 and 17); one adult conviction for unlawful possession of a weapon; and three charges for aggravated burglary and robbery as well as aggravated assault, incidents which also allegedly involved the use of a handgun but for which Horton had not been prosecuted.

During the sentencing hearing, the court noted Horton's offense level and criminal history as well as the advisory guidelines range of 30 to 37 months imprisonment, but put Horton on notice that it was considering an upward variance. The government submitted the issue of

---

[1]The PSR erroneously characterized Horton as having two juvenile convictions for possession of a weapon at age 15. In fact, Horton was found with a knife in his pocket when he was 14, which had not been brandished during a prior argument with a fellow student. When he was 15, however, Horton was found to be in unlawful possession of a loaded .380 caliber handgun.

sentencing to the court, while Horton's counsel argued for a downward variance to time served, citing Horton's low criminal history score and a leg injury he had received during the course of his arrest. Horton also testified, denying any plans to commit a crime but admitting that he ran from police because he knew that he should not have a weapon.

The court then considered the 18 U.S.C. § 3553(a) factors, including: Horton's criminal history dating from a young age, which often involved firearms; his personal history, including employment and education; the need to promote respect for the law; and the need to deter such conduct in the future. The court denied Horton's request for a downward variance and imposed a 50-month sentence. Horton's counsel objected to the sentence, arguing that the court's reliance on three juvenile convictions to justify the upward variance was unreasonable. Horton timely appealed the issue to this court.

## II.    STANDARD OF REVIEW

We review criminal sentences for procedural and substantive reasonableness using a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007); *United States v. Robinson*, 778 F.3d 515, 518 (6th Cir. 2015). A district court should begin sentencing proceedings with a correct calculation of the applicable Guidelines range, then consider all of the § 3553(a) factors. *Gall*, 552 U.S. at 49–50. In doing so, the court "may not presume that the Guidelines range is reasonable," but instead must make an "individualized assessment based on the facts presented." *Id.* at 50; *Robinson*, 778 F.3d at 519. The court should "impose a sentence sufficient, but not greater than necessary, to comply with" the purposes of § 3553(a). *United States v. Rita*, 551 U.S. 338, 348 (2007) (quoting 18 U.S.C. § 3553(a)).

Reviewing for procedural unreasonableness involves determining if a court has "fail[ed] to calculate (or improperly calculate[ed]) the Guidelines range, treat[ed] the Guidelines as mandatory, fail[ed] to consider the § 3553(a) factors, select[ed] a sentence based on clearly erroneous facts, or fail[ed] to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51. In order for a sentence to be substantively reasonable, it must be "proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes of § 3553(a)." *Robinson*, 778 F.3d at 519 (quoting *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008)). "A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008).

If the sentence imposed is outside of the Guidelines range, we may not presume it to be unreasonable; rather, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51. "'[E]xtraordinary' circumstances" are not necessary to justify a sentence beyond the Guidelines range, nor is proportional review appropriate. *Id.* at 47. Our reasonable determination that a different sentence is appropriate is insufficient grounds upon which to justify reversing the district court. *Id.* at 51.

### III. ANALYSIS

The essence of Horton's argument is that his sentence is unreasonable because the district court should not, as a matter of policy, have used his juvenile convictions in order to justify an upward variance of 13 months. Horton cites no case law to support the claim that the use of

juvenile adjudications is improper in calculating upward variances—rather, he concedes that this court has found that juvenile adjudications can be used to justify an upward departure pursuant to USSG §4A1.3 ("Departures Based on Inadequacy of Criminal History Category"). *United States v. Barber*, 200 F.3d 908, 912–13 (6th Cir. 2000). Instead, Horton argues that recent Supreme Court cases such as *Roper v. Simmons*, 543 U.S. 551 (2005), *Graham v. Florida*, 560 U.S. 48 (2010), and *Miller v. Alabama*, 132 S. Ct. 2455 (2012), collectively suggest that juvenile offenders have distinct characteristics, including immaturity and malleability, that not only should preclude them from punishment equivalent to that meted out to adults, but also should undermine assumptions about recidivism based on juvenile offenses.

Although these arguments are certainly compelling, they do not alter the fact that our precedent permits juvenile offenses to be considered in sentencing, whether in the context of an upward departure or, analogously, an upward variance. *See Barber*, 200 F.3d at 912–13. Indeed, the 50-month sentence here is the same result that would have been reached had the court determined that Horton was eligible for a criminal history category of V rather than III, pursuant to USSG §4A1.3—an upward departure like that permitted in *Barber*. *Id.*; *see* United States Sentencing Commission, *Guidelines Manual*, Sentencing Table (2013).

Moreover, the district court's analysis otherwise comports with our standards for procedural and substantive reasonableness. The court adopted the findings of the PSR, acknowledged the advisory Guidelines range, and then considered the pertinent § 3553(a) factors, first hearing argument from both parties and then explaining its reasons for the upward variance. The court specifically referenced Horton's juvenile record in combination with his adult record, noting with concern that Horton "has a criminal history that dates back to just a very young age, and much of it involves firearms and violence." (R. 34, Sentencing Tr., Page ID

64.)  The court then listed three juvenile and one adult charge that involved a weapon, as well as two other juvenile charges.  The court then described Horton's other criminal conduct, which included charges for "assault, theft of property, aggravated burglary, aggravated robbery, aggravated assault, domestic assault resulting in bodily harm," as well as the current offense. (*Id.* at 65.)  During its deliberations, the court emphasized the risk of recidivism and lack of respect for the law, informing Horton that it appeared "we are not getting your attention.  You haven't understood that you can't possess a firearm.  It's just that simple.  And you've had at least three or four prior convictions for possession of a firearm." (*Id.* at 67.)  The court denied the request for a downward variance and applied an upward variance, citing "the need to promote respect for the law, Mr. Horton's history and characteristics and the likelihood that he will re-offend in the future." (*Id.* at 68.)  In light of these facts and given the deference we must pay to the district court's consideration of the § 3553(a) factors, we cannot find that the court abused its discretion in imposing an upward variance of 13 months.

## IV.    CONCLUSION

For the foregoing reasons, Horton's sentence is AFFIRMED.