**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0667n.06

**No. 10-4277**

| | | |
|---|---|---|
| **UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT** | | **FILED**<br>***Sep 12, 2011***<br>LEONARD GREEN, Clerk |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| RAYMOND THOMAS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  COLE, ROGERS, and GRIFFIN, Circuit Judges.

ROGERS, Circuit Judge.  Raymond Thomas, a former police officer who swindled dozens of family members and friends out of approximately one million dollars, appeals his 72-month sentence for mail fraud and filing a false tax return.  Thomas challenges the reasonableness of the district court's decision to vary substantially above a guideline range of 33 to 41 months, arguing that the court placed undue weight on a single sentencing factor—the loss to the victims—and did not adequately consider the other sentencing factors under 18 U.S.C. § 3553(a).  The district court did not abuse its discretion in imposing this sentence.

After the collapse of his nine-year Ponzi scheme, Thomas pled guilty to mail fraud, *see* 18 U.S.C. § 1341, and to filing a false tax return, *see* 26 U.S.C. § 7206(1).  As part of the plea agreement, the Government agreed to recommend a sentence within the properly-calculated advisory guideline range of 33 to 41 months.  The sentencing hearing included extensive victim impact

testimony from family members and friends, who described the financial loss they sustained and the crippling effects of the fraud on their lives. Thomas then addressed the court and apologized for what he had done. The district court discounted his expression of remorse, however, because the court believed that Thomas ultimately blamed the economy and "a few bad business deals" for the victims' losses and had not truly accepted responsibility for his conduct.

At the close of the sentencing hearing, the Government adhered to its agreement and recommended a sentence at the high end of the guideline range. The district court expressed some difficulty in selecting a sentence that was "sufficient, but not greater than necessary, to comply with" the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2). After concluding that Thomas was not remorseful and that a within-guideline sentence was "totally insufficient . . . to comply with the purposes of sentencing," R. 23 at 103-04, the court imposed a 72-month term of imprisonment—a substantial variance above the guideline range of 33 to 41 months.

The district court did not abuse its discretion in sentencing Thomas to an above-guideline prison term. Even when a sentence falls outside the guideline range, we review the district court's sentencing determination for reasonableness "under a deferential abuse-of-discretion standard," giving "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall v. United States*, 552 U.S. 38, 51-52 (2007). "A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Presley*, 547 F.3d 625, 631

(6th Cir. 2008) (internal quotation marks omitted).  However, "[t]he fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court."  *Gall*, 552 U.S. at 51.

Thomas argues that his sentence is substantively unreasonable for three reasons, all of them unavailing.  He claims that the district court (1) placed undue weight on a single sentencing factor (the victims' losses); (2) placed insufficient weight on other relevant factors, including his background, the guideline range recommended in his plea agreement, and his willingness to repay the victims; and (3) did not adequately justify the extent of the variance above the guideline range.

First, the district court did not give an unreasonable amount of weight to the results of the Ponzi scheme because the court considered the victims' economic and psychological losses as merely one aspect of both the "nature and circumstances" of Thomas's conduct, 18 U.S.C. § 3553(a)(1), and "the need for the sentence imposed . . . to reflect the seriousness of the offense," *id.* § 3553(a)(2)(A).  The sentencing transcript and memorandum reflect that the court was equally—if not more—focused on the identity of Thomas's victims, rather than merely on the amount of their financial losses.  The court was appalled that Thomas selected *these* people—his family members and close friends—as the victims of his Ponzi scheme.  The court considered Thomas's conduct to be more reprehensible—more serious—than the typical fraud scheme because of whom Thomas chose to defraud, not merely because the resulting losses were extensive.

Even if the district court emphasized these particular § 3553(a) factors, that does not by itself render an above-guideline sentence unreasonable.  A district court does not commit reversible error

simply by "attach[ing] great weight" to a single factor. *Gall*, 552 U.S. at 57. Although "the case law offers little guidance as to what an 'unreasonable amount of weight' would be," where "a district court explicitly or implicitly considers and weighs all pertinent factors, a defendant clearly bears a much greater burden in arguing that the court has given an 'unreasonable amount of weight' to any particular one." *United States v. Thomas*, 395 F. App'x 168, 174 (6th Cir. 2010). Here, the district court explicitly considered all of the relevant sentencing factors. Because the record does not suggest that the court attached unreasonably more weight to the victims' losses than to any of the other § 3553(a) factors, Thomas cannot meet this burden.

Second, Thomas claims that the district court placed "insufficient weight" on other relevant sentencing factors. This argument fails for two reasons, the first of which is that "insufficient weight" is not the same as "fail[ed] to consider." *See Presley*, 547 F.3d at 631. Thomas does not argue that the district court ignored any of the relevant sentencing factors, but instead that the court weighed some more heavily than others. Even if we agreed with him, that would not provide a basis for second-guessing the district court's weighing of the § 3553(a) factors. *See Gall*, 552 U.S. at 51. The second problem with Thomas's argument is that it is not supported by the record. The sentencing transcript and memorandum reflect that the district court considered all of the other relevant sentencing factors and gave them appropriate weight under the circumstances.

Thomas argues that the court did not assign adequate weight to his "history and characteristics," *see* 18 U.S.C. § 3553(a)(1), which include the fact that he was a first-time offender and retired police officer with no criminal history. But the district court acknowledged on the record

that the "defendant is a first-time offender," R. 23 at 96-97, "has no prior record," and is "a former police officer turned businessman," *id.* at 98-99. Later in the sentencing memorandum, the court again noted that Thomas "was a police officer," but reasoned that this made him *more* culpable, not less. R. 16 at 6. Thomas simply dislikes the fact that the court weighed his "history and characteristics" *against* him rather than for him. Of course, that is no reason to overturn the district court's sentence. *See Gall*, 552 U.S. at 51.

Thomas next claims that the district court placed insufficient weight on the guideline range recommended in his plea agreement. But the court did use the recommended guideline range as the appropriate starting point in considering the § 3553(a) factors.

Also unavailing is Thomas's claim that the court did not consider his ability and commitment "to provide restitution to any victims of the offense." *See* 18 U.S.C. § 3553(a)(7). Although Thomas expressed a desire to repay the victims of his fraud, the district court clearly did not believe that he had the ability to do so. Thomas himself acknowledged that his likelihood of actually repaying the victims is minimal. And the record reflects that Thomas had been unemployed for more than eighteen months at the time of sentencing, and had been earning only ten dollars an hour at his last job as an office manager through a temporary agency. The district court did not abuse its discretion in concluding that the likelihood of someone with Thomas's employment history actually paying back a million dollars is negligible.

Finally, Thomas halfheartedly argues that his sentence is unreasonable because the district court did not "justify" the extent of the variance. Although this argument could be taken as a claim

of procedural unreasonableness, Thomas expressly disavows any such contention. But as a substantive reasonableness challenge, this argument is merely a rerun of Thomas's claim that the district court placed too much weight on the loss to the victims. The court's reasons for varying above the guideline range are clear and are readily apparent from the colloquy at sentencing and the follow-on memorandum.

The district court gave two main reasons for the upward variance. First, the court justified its decision on the basis that this was no ordinary swindle. Thomas took advantage of close friends and family members, including his own mother (who was left penniless), to create a Ponzi scheme that lasted for nine years. Even when the collapse of the scheme was imminent, Thomas continued to solicit funds from his family and friends, making promises and reassuring them that their money would eventually be returned. Thomas's deception wiped out the life savings of people who trusted him and with whom he had close relationships. The district court found this conduct to be more egregious than the typical fraud scheme forming the basis for an advisory guideline range of 33 to 41 months

The district court's second main reason for the variance was that Thomas did not demonstrate genuine remorse for what he had done. Although Thomas apologized to the court during sentencing, the court did not believe his apologies were sincere because they were peppered with attempts to shift the blame to the economy and "a few bad business deals." The district court reasoned that Thomas's lack of remorse and apparent obliviousness to the true scope of the harm he had inflicted

warranted an upward variance. "Without a significant sentence," the court reasoned, "Thomas would

emerge from prison still blaming nothing but the economy for his victims' losses." R. 16 at 6.

The judgment of the district court is affirmed.