**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Donald BAINES, Defendant–Appellant.**

**No. 15–3405**

United States Court of Appeals,
Sixth Circuit.

FILED June 07, 2016

412

Laura McMullen Ford, Assistant U.S. Attorney, Office of the U.S. Attorney, Cleveland, OH, for Plaintiff–Appellee.

Soumyajit Dutta, Law Office, Cincinnati, OH, for Defendant–Appellant.

BEFORE: KEITH, COOK, and STRANCH, Circuit Judges.

COOK, Circuit Judge.

Donald Baines pleaded guilty to being a felon in possession of a firearm and possessing cocaine with intent to distribute, in violation of 18 U.S.C. § 922(g)(1) and 21 U.S.C. § 841(a). The district court varied upward from the sentencing guidelines and sentenced Baines to 84 months in prison. On appeal, Baines challenges the substantive reasonableness of his sentence. We AFFIRM.

I.

In 2005, Baines was arrested and charged with aggravated robbery after he fired a gun at an occupied vehicle following an attempted carjacking. He served six years in prison for his crime. While Baines was still on probation in 2014, federal agents began investigating him as a potential drug dealer and member of the Heartless Felons gang. Over the course of several meetings, Baines sold undercover agents cocaine and a handgun outfitted with a high-capacity magazine. Police arrested Baines, and he pleaded guilty to being a felon in possession of a firearm and possessing cocaine with intent to distribute.

The sentencing guidelines recommended a 37 to 46 month prison sentence. The district court varied upward and sentenced Baines to 84 months. In justifying the variance, the court considered: that prison officials disciplined Baines 29 times during his earlier incarceration for aggravated robbery; testimony that labeled him a member of the Heartless Felons gang; and the circumstances surrounding his arrest—including selling a high-capacity handgun and professing willingness to participate in an armed robbery. In light of this history suggesting the dangerousness of Baines's character, the district court concluded that the "guidelines are insufficient to meet the purposes of the sentenc-

ing statutes" and accordingly ordered an upward variance. This appeal followed.

## II.

We review sentences for reasonableness, "merely ask[ing] whether the district court abused its discretion." *Rita v. United States*, 551 U.S. 338, 351, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). A sentence is substantively unreasonable where "the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008) (citing *United States v. Webb*, 403 F.3d 373, 385 (6th Cir. 2005)). Although we must consider "the extent of any variance from the Guidelines range," *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), we "give 'due deference' to the district court's conclusions that the sentence imposed is warranted by the [18 U.S.C.] § 3553(a) factors," *United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007) (quoting *Gall*, 552 U.S. at 51, 128 S.Ct. 586). "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51, 128 S.Ct. 586. We will not disturb factual findings made during sentencing unless clearly erroneous. *United States v. Battaglia*, 624 F.3d 348, 351 (6th Cir. 2010) (citing *Bolds*, 511 F.3d at 579).

Baines argues that his sentence is substantively unreasonable because the district court drew faulty conclusions from the evidence and accorded too much weight to his sale of a handgun to federal agents, his behavior in prison, and his gang affiliation. According to Baines, this led the court to impose a sentence that "was greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." We disagree.

The district court's careful application of the § 3553(a) factors, coupled with the substantial deference we afford the sentencing judge, all but decide this case. At the sentencing hearing, the court recounted Baines's criminal history, including how Baines fired a gun at a vehicle containing four people during an attempted carjacking. The similarities between Baines's violent past and the circumstances surrounding his current arrest justifiably concerned the court; his willingness to sell a lethal weapon and apparent readiness to commit another armed robbery suggested a continuing propensity for violence. The court also found "overwhelming" the evidence that Baines was a member of a "very violent gang," and was alarmed by his conduct in prison, which included attacking a rival gang member. Finally, the court considered that Baines's prior 72–month aggravated robbery sentence did not deter "him from engaging in further conduct and harm to the community." An upward variance, the court concluded, was necessary both to deter criminal conduct and to protect the community from a "great risk ... of very violent behavior."

In short, the district court tied Baines's record to the relevant § 3553(a) factors, including his history and characteristics and the need for a sentence that will not only adequately deter and punish Baines but also protect the public. *See* 18 U.S.C. § 3553(a)(1)–(2). Where the "district court explicitly or implicitly considers and weighs all pertinent factors," the defendant "bears a much greater burden" in showing that the court placed an unreasonable amount of weight on "any particular one." *United States v. Zobel*, 696 F.3d 558, 571 (6th Cir. 2012) (quoting *United States v. Thomas*, 437 Fed.Appx. 456, 458 (6th

414

Cir. 2011)). Baines has not met this burden.

He first objects to the weight the district court placed on his sale to federal agents of a handgun outfitted with an extended magazine, pointing out that his base offense level accounted for this weapon and that nothing suggested that he regularly sold firearms. But a district court commits no error by focusing on an aspect of an offense under the advisory guidelines and also in applying the § 3553(a) factors. *See, e.g., United States v. Lanning*, 633 F.3d 469, 478 (6th Cir. 2011) ("[T]he very same factors that influence a district court to impose an upward departure in a defendant's criminal history category might be evaluated differently in imposing an upward variance under 18 U.S.C. § 3553(a)." (citing *United States v. Solis–Bermudez*, 501 F.3d 882, 886–87 (8th Cir. 2007))). And whether Baines was a first-time seller or a regular arms dealer, his willingness to sell what the court called a "mini-machine gun type weapon" properly linked to the § 3553(a) factors; *see* 18 U.S.C. § 3553(a)(1), (a)(2)(C).

Baines next asserts that the district court overemphasized his agreement to participate in an armed robbery of a drug stash house, pressing the point that his failure to meet the undercover agents as planned evidenced that he never intended to follow through. According to Baines, his statements to agents were "boastful claims" that the district court should not have credited. The fact is, the court labeled the robbery "less importan[t]" because "the defendant did not go forward and carry it out." To the extent the court considered Baines's statements in the "overall consideration of the history and characteristics of the defendant," it did not err. The defendant's own words—expressing a willingness and readiness to commit a violent armed robbery—mattered in as-

sessing his character and the need to protect the public from further crimes. *See* 18 U.S.C. § 3553 (a)(1), (a)(2)(C).

The court also properly considered Baines's 29 prison disciplinary infractions. Baines notes that "roughly half of the violations over that time were for relatively minor infractions," and accordingly faults the district court for focusing on his prison record. Minor or not, Baines's inability "to comply with the rules in prison" reinforced his pattern of rule breaking that extended beyond the prison walls. And while Baines emphasizes infractions he deems "minor," the district court weighted most heavily his violation for fighting, where Baines and another inmate, both purportedly members of the Heartless Felons gang, attacked a rival gang member.

We also uphold the court's consideration of evidence supporting Baines's alleged gang membership as "nearly overwhelming," and indeed it was. The court considered a letter Baines sent from prison "proclaim[ing] allegiance to the Heartless Felons." Plus an expert testified that Baines has gang tattoos. Though Baines faults some of this evidence as "stale" because he "may have repudiated his gang affiliations" by the time he committed the present offense, he offered no evidence supporting repudiation.

In sum, Baines has not established that his sentence is substantively unreasonable. The district court considered the facts before it, discussed the relevant § 3553(a) factors, and reasonably found that Baines posed a substantial threat to the community and was unlikely to be deterred absent an upward variance. We accordingly AFFIRM the district court's judgment.