**NOT RECOMMENDED FOR PUBLICATION**
File Name: 20a0639n.06

**No. 19-2339**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Nov 10, 2020
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Appellee,<br><br>v.<br><br>ROBERT THOMAS CECHINI,<br><br>    Defendant-Appellant. | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN |

**BEFORE:**     **GUY, CLAY, and KETHLEDGE, Circuit Judges.**

**CLAY, Circuit Judge.** Defendant Robert Thomas Cechini pled guilty to one count of being a felon in possession of a firearm and ammunition and was sentenced to 54 months in prison, followed by three years of supervised release. 18 U.S.C. § 922(g)(1). On appeal, Cechini argues that his sentence was substantively unreasonable based on the application of a 21-month variance above the top of the Guidelines range. Because the sentence was substantively reasonable, we **AFFIRM** the judgment of the district court.

**BACKGROUND**

On June 8, 2019, law enforcement officers responded to a domestic violence complaint at Cechini's residence. His wife, Evyan Rivera, had called emergency services to report that Cechini had assaulted her in their home. Rivera reported the following incident to the officers upon their arrival to the home. Rivera said that Cechini entered into a rage and yelled at her upon arriving home that day. She attempted to walk away from him, but Cechini followed her and said, "You're

going to listen to me" and "I'm gonna teach you some respect." (R. 1-1, Continuation of Criminal Compl. at PageID # 3.) She then locked herself in the master bathroom, but Cechini got into the bathroom after breaking the door off the frame. She tried to leave through the backdoor of the home, but Cechini pushed her back inside and "proceeded to grab her by the arms, picked her up off the ground, and slammed her onto a couch." (R. 40, PSR at PageID # 144.) After this, Cechini grabbed more than $3000 and put the money into his wallet for bond.

When the officers arrived at the home, they removed Cechini from the premises and arrested him for domestic violence charges as well as for an outstanding arrest warrant for indirect criminal contempt in Illinois.[1] Following Cechini's arrest, Rivera informed the officers that Cechini was a convicted felon and had firearms in the home. Rivera consented to the officers' search of the home, during which they found "a black gun case in the master bedroom closet, as well as two .45 caliber pistol magazines and two .45 caliber ammunition boxes in the nightstand next to the defendant's bed." (R. 40, PSR at PageID # 145.) After acquiring a search warrant, officers returned to the home and found two loaded firearms in the master bedroom closet, as well as "magazines, ammunition, holsters, a 'speed loader,' and gun cleaning materials" in the master bedroom closet and nightstand. (*Id.*)

On July 16, 2019, Cechini was indicted by a grand jury for one count of being a felon in possession of a firearm and ammunition, 18 U.S.C. § 922(g)(1) and § 924(a)(2), and one count of being a felon in receipt of ammunition, 18 U.S.C. § 922(g)(1) and § 924(a)(2). On August 16, 2019, Cechini pled guilty to one count of being a felon in possession of a firearm and ammunition under 18 U.S.C. § 922(g)(1) pursuant to a plea agreement.

---

[1] The domestic violence charges against Cechini were ultimately dismissed.

The pre-sentence report ("PSR") calculated Cechini's total offense level at 12 with a criminal history category of V.[2] His Guidelines range was 27 to 33 months, with the possibility of a subsequent term of supervised release for no more than three years, and the statutory maximum term of imprisonment under 18 U.S.C. § 924(a)(2) was ten years. The PSR recommended a prison sentence of 46 months, finding that "[a] two-level upward departure of the offense level and a one-level upward departure of the criminal history category"[3] was appropriate due to "Mr. Cechini's history of violence and the uncharged domestic violence incident surrounding the instant offense that was not accounted for by the guidelines." (R. 40, PSR at PageID # 181.)

The government filed a motion for an upward departure and/or upward variance from the Guidelines range based on Cechini's criminal history, which included crimes of violence that were not scored in the PSR,[4] the domestic violence incident that led to the current offense, and his failure to appear in Illinois for proceedings regarding his outstanding arrest warrant for indirect criminal contempt. The government argued that the Court "should depart upward under § 4A1.3 to a criminal history category VI because his current score substantially under-represents the seriousness of the Defendant's criminal history and the likelihood that the Defendant will commit other crimes." (R. 42, Mem. of Law in Support of Mot. for Departure and/or Upward Variance at PageID # 188.) The government requested that the district court "treat Defendant as though he has

---

[2] The base offense level for Cechini's conviction under 18 U.S.C. § 922(g)(1) is 14. *See* U.S.S.G. § 2K2.1(a)(6). The base offense level was decreased by two levels for acceptance of responsibility. *See* U.S.S.G. § 3E1.1(a).

[3] These upward departures would have placed Cechini at an offense level of 14 and a criminal history category of VI.

[4] The government noted in its memorandum that none of Cechini's past crimes—including unlawful restraint, felon in possession of a firearm, and four misdemeanor domestic violence convictions—"qualifies as a predicate crime of violence under § 2K2.1." (R. 42, Mem. of Law in Support of Mot. for Departure and/or Upward Variance at PageID # 189.)

a final offense level of 17" and sentence Cechini within the range of 51 to 63 months. (*Id.* at PageID # 191.)

In his sentencing memorandum, Cechini requested a downward variance from the Guidelines range. Cechini asked the district court to consider when determining his sentence that (1) he did not own the guns for a "nefarious purpose" or for the purpose of engaging in organized crime as he used them to kill squirrels, (2) Cechini had "lived in the shadow of his father," who physically abused Cechini and had a criminal history of his own, (3) the criminal history score of V did not constitute a substantial underrepresenting of his criminal history because, while Cechini has had an extensive criminal history, all convictions from 2008 to present were based on theft or business related offenses, and (4) he had accepted responsibility for his criminal conduct and had been active in his church in an attempt to "ground[] himself in religion and spirituality." (R. 44, Sentencing Mem. and Mot. for Downward Variance at PageID # 194–95, 197, 200.)

At the sentencing hearing, the district court agreed with the PSR's calculation of the total offense level, criminal history category, and Guidelines range. The district court rejected Cechini's request for a downward departure as it was not "analogous to a sporting case" but rather that "the much more reasonable inference is that he possessed [the] firearms for protection." (R. 51, Sentencing Hr'g at PageID # 253.) The district court also agreed that an upward variance was appropriate and granted the government's motion. The district court emphasized the following factors in determining that the upward variance was appropriate: (1) "a long pattern of abuse in domestic situations against women" and "of violent activity generally;" (2) "a pattern of ignoring court requirements," in particular by failing to appear at his criminal proceedings; (3) his extensive criminal history—much of which was not scored under the Guidelines—and, accordingly, concerns about "public safety, risk to people in Mr. Cechini's life . . . likelihood of repetitive

conduct and the seriousness of what happened;" and (4) Cechini's denial of his alcohol abuse and "propensity to hurt the women in his life." (*Id.* at PageID # 253–258.) The district court considered that Cechini had been abused by his father as a child but determined that he needed "to come to terms with that" and "fundamentally change the way that he behaves, engages with people in his life, engages with the community." (*Id.* at PageID # 258.) The district court sentenced Cechini to an imprisonment term of 54 months, followed by a supervised release term of three years. This timely appeal followed.

On appeal, Cechini argues that the district court's sentence was substantively unreasonable based on its application of a 21-month upward variance.[5] He contends that the offense for which he was convicted did not warrant an above-Guidelines sentence as it was a "mine-run" felon-in-possession case. He also argues that the district court placed excessive weight on Cechini's criminal history and not enough weight on mitigating considerations. He further indicates that this Court's precedent generally reserves above-Guidelines sentences for felon-in-possession cases where the defendant's criminal history is particularly violent and brazen. Finally, he contends that the district court violated the relatedness principle by focusing on Cechini's conduct that was outside of, and unrelated to, the felon-in-possession conviction.

---

[5] In the brief, Cechini contends that the district court abused its discretion by imposing an upward departure and variance. But he argues that the district court placed undue weight on his criminal history and not enough weight on mitigating factors, and, accordingly, the sentence was "greater than necessary to satisfy the goals of Section 3553(a)." (Appellant Br. at 11.) We have previously "recognized the distinction between sentencing departures under U.S.S.G. § 4A1.3 and variances under 18 U.S.C. § 3553(a)." *United States v. Herrera-Zuniga*, 571 F.3d 568, 586 (6th Cir. 2009); *see United States v. Jordan*, 544 F.3d 656, 671 n.12 (6th Cir. 2008) ("A sentence outside the Guidelines based on Chapter 5 of the Guidelines is a 'departure' or 'Guideline departure,' whereas a sentence outside the Guidelines based on the § 3553(a) factors is a 'variance' or 'non-Guideline departure.'"). While the district court did indicate in its statement of reasons that it was applying a departure and a variance, because Cechini frames his argument in terms of the district court's improper weighing of the § 3553(a) factors, we do not address the propriety of a Guideline departure in this case.

**DISCUSSION**

**Standard of Review**

We review the substantive reasonableness of a sentence imposed by the district court for abuse of discretion. *See United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008) ("If procedurally sound, we review the substantive reasonableness of the sentence under an abuse-of-discretion standard."); *see also Gall v. United States*, 552 U.S. 38, 51 (2007) (noting that abuse of discretion applies in substantive reasonableness challenges "[r]egardless of whether the sentence imposed is inside or outside the Guidelines range").

District courts must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). A challenge to a sentence for being substantively unreasonable "is a claim that a sentence is too long (if a defendant appeals) or too short (if the government appeals)." *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). Accordingly, a sentence may be deemed "substantively unreasonable if the district court chooses the sentence arbitrarily, grounds the sentence on impermissible factors, or unreasonably weighs a pertinent factor." *United States v. Lanning*, 633 F.3d 469, 474 (6th Cir. 2011) (quoting *United States v. Brooks*, 628 F.3d 791, 796 (6th Cir. 2011)). *But see Rayyan*, 885 F.3d at 442 ("The point is not that the district court failed to consider a factor or considered an inappropriate factor; that's the job of procedural unreasonableness. It's a complaint that the court placed too much weight on some of the § 3553(a) factors and too little on others in sentencing the individual.").

In reviewing a sentence for substantive reasonableness, we start with "[a] properly calculated advisory guidelines range . . . because it is one of the § 3553(a) factors and because the [G]uidelines purport to take into consideration most, if not all, of the other § 3553(a) factors." *Conatser*, 514 F.3d at 520; *United States v. Warren*, 771 F. App'x 637, 641 (6th Cir. 2019).

Sentences within the Guidelines range are presumed to be reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007) (holding that a "court of appeals may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines"). "If the sentence imposed is outside of the Guidelines range, we may not presume it to be unreasonable; rather, we 'may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.'" *United States v. Horton*, 638 F. App'x 469, 472 (6th Cir. 2016) (quoting *Gall*, 552 U.S. at 51); *see also Gall*, 552 U.S. at 51. But a district court must still provide a "justification [that] is sufficiently compelling to support the degree of the variance" in imposing an above-Guidelines sentence. *Gall*, 552 U.S. at 50. And "the greater the district court's variance, the more compelling the evidence must be." *United States v. Stall*, 581 F.3d 276, 281 (6th Cir. 2009).

**Analysis**

Cechini first argues that the sentence was substantively unreasonable because his conviction presents a "mine-run" case of felon-in-possession of a firearm and ammunition, having only been found in possession of firearms and ammunition in his home for purposes of protection. We have previously indicated that "a mine-run case is not a theoretical, minimally culpable offense; it is a normal case under the governing Guidelines range, which is calculated to incorporate the crime at issue, the offense level, and the criminal history category based on prior offenses." *United States v. Perez-Rodriguez*, 960 F.3d 748, 754 (6th Cir. 2020). "The mere existence of prior convictions thus does not remove [a defendant's] case from the heartland," rather, in cases outside the "heartland," the defendant's recidivism should be "unusual or unaccounted for in the Guidelines." *United States v. Sims*, 800 F. App'x 383, 389 (6th Cir. 2020) (Stranch, J., dissenting). And when a district court imposes "a sentence that departs from the

advisory range in a 'mine-run case'" the sentence "warrants 'closer review.'" *Herrera-Zuniga*, 571

F.3d at 582 (quoting *United States v. Kimbrough*, 552 U.S. 85, 109 (2007)).

As the district court determined at sentencing, Cechini's conviction did not present a

"mine-run" case for felon-in-possession. His criminal history category under the Guidelines range

did not account for his 12 criminal convictions from 1990 to 2003. And Cechini's Guidelines range

also did not fully capture the patterns of domestic violence and of failing to appear at his criminal

proceedings. Based on the unscored convictions and patterns of criminal conduct, Cechini's

Guidelines range did not fully represent his likelihood of recidivism and placed his felon-in-

possession conviction outside the "heartland."

Cechini's next argument is that the district court placed undue weight on his criminal

history and not enough weight on mitigating considerations. He claims that the district court failed

to give sufficient weight to the mundane nature of the present offense, the lack of new convictions

for "assaultive or violent crimes" since 2008, the lack of allegations against him that have led to a

conviction since 2011, and evidence that Cechini has made positive changes in his life. (Appellant

Br. at 11.) While the district court imposed a harsh sentence of 54 months in prison—21 months

above the top of the Guidelines range—the sentence was not substantively unreasonable because

the district court did not assign undue weight to Cechini's criminal history and, instead, considered

it along with the other § 3553(a) factors.[6] *See Lanning*, 633 F.3d at 474 (finding that "the district

---

[6] A district court does not err by considering a defendant's criminal history in its analysis of the § 3553(a) factors, but we are generally wary of district courts imposing extreme variances to sentences based primarily on criminal history. *See Warren*, 771 F. App'x at 642 ("[B]ecause the Guidelines already account for a defendant's criminal history, imposing an extreme variance based on that same criminal history is inconsistent with 'the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct' under 18 U.S.C. § 3553(a)(6)." (quoting *United States v. Bistline*, 665 F.3d 758, 767 (6th Cir. 2012))). We have also noted that where "no uniquely problematic criminal history demonstrates a specific need for deterrence beyond that already captured by the guidelines, then some meaningful relationship between the offense of conviction and the defendant's alleged likelihood of reoffending is needed." *United States v. Lee*, 974 F.3d 670, 677, 680 (6th Cir. 2020). In the present case, much of Cechini's criminal history was not already factored into the Guidelines, and

court did not overly emphasize his criminal history and likelihood of reoffending, but rather carefully balanced the § 3553(a) factors to arrive at its upward variance" considering the "need for deterrence and protection of the public, the seriousness of Lanning's crime, the need to provide him with rehabilitative treatment, and Lanning's lack of respect for the law").

In applying the upward variance, the district court determined there was a need for the sentence imposed to provide for "specific deterrence and protection of the public" based on his past, similar criminal conduct. (R. 51, Sentencing Hr'g at PageID # 252.) In coming to this conclusion, the court considered the nature and circumstances of the present offense and noted the similar circumstances of his previous felon-in-possession conviction in which officers responded to a report of domestic violence at Cechini's home, received permission to search the home following his arrest, and seized two firearms. The district court then found further support for the upward variance in Cechini's criminal history, which demonstrated patterns of domestic violence and of failing to appear at past criminal proceedings and was underrepresented due to the number of unscored convictions. And the court found that many of the unscored convictions and arrests were for domestic battery and unlawful restraint—some involving similar allegations to the present offense—further justifying an upward variance based on "public safety, risk to people in Mr. Cechini's life . . . likelihood of repetitive conduct and the seriousness of what happened." (*Id.* at PageID # 255–56.)

Contrary to Cechini's contention, the district court did consider the amount of time that had passed since Cechini had an unlawful restraint or domestic violence conviction as well as the positive changes Cechini had made in his life. But the court found that it was not seeing consistent

---

his pattern of domestic violence based on the counted and uncounted criminal history demonstrated a need for deterrence beyond what was contemplated in the Guidelines. Further, the domestic violence conduct bore some relationship to the underlying felon-in-possession conviction as the firearms were only discovered after the officers arrested Cechini for alleged domestic violence against his wife.

"law-abiding behavior" from Cechini even with those positive changes given Cechini's more recent theft convictions. (*Id.* at PageID # 259.) Related to this, the district court also looked at Cechini's alcohol abuse—noting that some of his previous convictions and arrests involved him being intoxicated—and his denial of both his propensity for alcohol abuse and domestic violence. And the court considered the mitigating factor of Cechini having been abused as a child by his father—acknowledging how this "in some ways set Mr. Cechini up for what we unfortunately see playing out here in his life"—but determined that he needed to "come to terms with that" and "change the way that he behaves." (*Id.* at PageID # 258.)

Ultimately, the district court gave significant, but not undue, weight to Cechini's criminal history, balanced it with the other § 3553(a) factors, and considered the relevant mitigating factors. *See United States v. Robinson*, 892 F.3d 209, 214 (6th Cir. 2018) ("[A] district court does not commit reversible error simply by 'attach[ing] great weight' to a few factors." (quoting *Gall*, 552 U.S. at 57)). Given the deference owed to the district court on its balancing of the § 3553(a) factors, the district court acted within its discretion in varying Cechini's sentence above the Guidelines range. *See Horton*, 638 F. App'x at 472–73 (finding that the district court did not abuse its discretion in applying a 13-month upward variance given "the need to promote respect for the law, Mr. Horton's history and characteristics and the likelihood that he will re-offend in the future").

Cechini then argues that this Court's precedent demonstrates that above-Guidelines sentences for felon-in-possession cases are generally reserved for defendants whose criminal histories are particularly notable for their violent and brazen nature. While not framed this way, his argument echoes a concern regarding "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C.

§ 3553(a)(6). However, we have "criticized the comparison of the defendant's sentence to those imposed in other singular cases as weak evidence to show a national sentencing disparity," noting that this incentivizes both the government and the defendant to "provid[e] citations to singular sentences that support *its* position." *United States v. Rossi*, 422 F. App'x 425, 435 (6th Cir. 2011). A district court does not abuse its discretion in imposing a sentence above the Guidelines simply because district courts found sentences within the Guidelines appropriate for other defendants. *Id.*

In any event, the cases cited by Cechini do not compel a conclusion that his sentence was substantively unreasonable. In these cases, the district court varied upwards based on aggravating factors relevant to the particular individual being sentenced, as the district court did in the present case. *See United States v. Clemons*, 757 F. App'x 413, 414, 422 (6th Cir. 2018) (finding an 80-month sentence for felon in possession of a firearm to be substantively reasonable, where the defendant's Guidelines range was 46 to 57 months, based on factors such as "Clemons' criminal history, which it called 'abysmal,' the need to provide for specific deterrence, protect the public, and reflect the seriousness of Clemons' offense"); *United States v. Baines*, 651 F. App'x 411, 412–13 (6th Cir. 2016) (affirming an 84-month sentence for felon in possession and possessing cocaine with intent to distribute on a substantive reasonableness challenge, where the Guidelines range was 37 to 46 months, based on the district court's finding that "Baines was a member of a 'very violent gang'" and "his willingness to sell a lethal weapon and apparent readiness to commit another armed robbery suggested a continuing propensity for violence"); *United States v. Williams*, 664 F. App'x 517, 519, 521 (6th Cir. 2016) (finding a 60-month sentence, an upward variance of 27 months above the top of the Guidelines range, for felon-in-possession to be substantively reasonable because "the gun was likely being held for use in violent robberies, the gun posed a danger to children, and the defendant had an escalating criminal history").

Cechini's final argument is that the district court violated the relatedness principle in fashioning his sentence by focusing on conduct for which Cechini was not convicted, namely the alleged domestic violence against his wife, and not balancing his "run of the mill felon in possession charge." (Appellant Br. at 16.) The relatedness principle, which has only been explicitly recognized by the Tenth Circuit, requires that any conduct not formally charged or not within the offense of conviction must be sufficiently related to the offense of conviction in order for it to be considered under particular sentencing provisions. *United States v. Allen*, 488 F.3d 1244, 1255 (10th Cir. 2007); *see also* 18 U.S.C. § 3553(a)(1) (requiring that district courts consider "the nature and circumstances of the *offense* and the history and characteristics of the defendant" in sentencing (emphasis added)).

However, even in *Allen*, the Tenth Circuit recognized that district courts can consider "unrelated, unadjudicated, and dissimilar actions" in imposing a sentence so long as excessive weight is not given to those actions. 488 F.3d at 1259. There, the Tenth Circuit found that the district court, in sentencing the defendant for possession of methamphetamine with intent to distribute, placed excessive weight on the uncharged conduct of criminal sexual abuse and solicitation of murder unrelated to the drug offense in applying an upward variance based on "the sentence that would be imposed had the defendant actually been convicted of those uncharged, unrelated crimes," which was more than double the top of the Guidelines range for the convicted offense. *Id.* In the present case, the district court did not ignore the recommended Guidelines range and calculate Cechini's sentence based on uncharged conduct; instead, it applied the relevant § 3553(a) factors—taking into consideration the alleged domestic violence conduct as appropriate—and imposed an upward variance based on its assessment of the relevant factors.

## CONCLUSION

For the reasons stated above, the judgment of the district court is **AFFIRMED**.