NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0040n.06

Case No. 23-3241

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

Jan 29, 2024
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| DERICK PRICE, | ) | DISTRICT OF OHIO |
| Defendant-Appellant. | ) | |
| | ) | O P I N I O N |

Before: BATCHELDER, CLAY, and DAVIS, Circuit Judges.

STEPHANIE DAWKINS DAVIS, Circuit Judge. Derick Price appeals his sentence of twenty-four months' imprisonment for violating the terms of his supervised release after receiving three separate drunk driving convictions and admitting to several other supervised-release violations. He argues that the above-Guidelines sentence he received is both procedurally and substantively unreasonable. We disagree and therefore affirm.

**I.**

Derick Price pleaded guilty to multiple crimes in two separate cases in the Middle District of Pennsylvania, including conspiracy to transport individuals for the purpose of engaging in prostitution, in violation of 18 U.S.C. § 2421(a); coercion and enticement of individuals to travel to engage in prostitution, in violation of 18 U.S.C. § 2422(a); and interstate travel and use of facilities with intent to distribute proceeds of prostitution, in violation of 18 U.S.C. § 952(a) and

18 U.S.C. § 371.  The sentencing court later reduced Price's 228-month sentence for these offenses to 168 months.  Similarly, the court decreased the length of his of supervised release period from an initial term of life, which was comprised of three years for the single offense of conviction in the first case and two concurrent life terms for the two separate offenses of conviction in the second case, to three years in the first case, and concurrent nine-year terms for the two counts in the second case.  Price began his supervised release for both cases in Pennsylvania on February 1, 2019.  The United States District Court for the Northern District of Ohio accepted transfer jurisdiction of his supervised release on October 21, 2019.

Price first appeared before the district court for the Northern District of Ohio on January 6, 2021 for a supervised release violation hearing.  His reported violations included operating a vehicle under the influence of alcohol ("OVI"); open container in a vehicle; and possession of a controlled substance.  In response, the court modified his terms of supervised release to include substance and alcohol abuse treatment and ordered him to refrain from any use of alcohol; it held the violation hearing in abeyance until after the disposition of Price's pending cases in the Toledo Municipal Court.  In April 2021, Price admitted the violations, and the court found him in violation and continued his supervision as modified during his January 2021 appearance.

About a month later, in May 2021, Price submitted a urine specimen that was confirmed positive for marijuana.  His probation officer notified the court, and the court continued his supervision under the same terms and conditions as before.  About two months later, on July 28, 2021, the Toledo Police Department stopped Price in response to a report of a vehicle sitting at a traffic light which had not moved.  The responding officers' record check revealed that Price's license was suspended because of his previous OVI conviction.  While inventorying the vehicle, one of the officers found four individual packages of suspected marijuana in the glove box.

In addition to the suspected marijuana, officers also found a bag containing $2,756 in U.S. currency and three cell phones in the vehicle. Price was charged with driving under suspension and trafficking marijuana.

Undeterred, Price continued to drink and drive. On September 17, 2022, Price was again arrested for OVI. Price appeared before the district court the following month regarding his supervised release violations. His violations included: 1) the indictment for trafficking in marijuana stemming from the July 2021 incident; 2) his receipt of an OVI in September 2022; and 3) alcohol use. The court held the hearing in abeyance pending conclusion of his two state court cases. This time the district court modified the conditions of Price's supervision, placing him on home confinement but allowing him to leave the house for employment, religious services, and medical/treatment privileges, as approved by his probation officer.

On March 7, 2023, at approximately 1:02 am, officers from the Washington Township Police Department observed a suspicious vehicle stopped at a stop sign. Officers approached the vehicle and saw Price slumped at the steering wheel. Price blew a .119 on the breathalyzer. He was again charged with OVI. The district court held a third supervised release violation hearing on March 22, 2023. The court noted that the advisory Guidelines range for Price's violations was four-to-ten months imprisonment. Price told the court that he had been arrested and convicted three times for drunk driving while on supervised release, and that he was aware that the conditions of release prohibited him from consuming alcohol. He admitted seven of the eight violations, which the court accepted.

During the sentencing phase of the hearing, Price's counsel offered several explanations in mitigation centering on various family-related issues and financial hardships that were triggering Price's alcohol abuse, including: stress because of his mother's recent breast cancer diagnosis;

his father's kidney-related issues; and frequent hospitalizations of his ten-month old granddaughter whom he helped to support in whatever way he could. Additionally, Price's finances were strained to the point that his electricity was turned off, which explained his late restitution payments. Counsel urged the court to delay sentencing to afford Price an opportunity to show the court that he could comply with supervision with the assistance of treatment. Price's probation officer, however, informed the court that Price was already undergoing outpatient treatment, but "it didn't take, [it] didn't work." (R. 45, PageID 214).

The district court moved forward with sentencing him and imposed the statutory maximum of 24 months in prison—14 months above the high end of the advisory Guidelines range—and imposed no further term of supervision. The court recognized that its sentence may seem "uncharacteristic and harsh," but it reasoned that the three times Price drove a vehicle while drunk was the "equivalent of a loaded gun," and only through good fortune and not through any act of his own, no one was hurt. (*Id.* at 218). The court expressly declined to take a fourth chance, directly or indirectly, because it had no confidence that Price would stop engaging in the same behavior. The court noted that "[Price] was in treatment already," but that "[h]e didn't take advantage of it" nor did he hold "himself accountable." (*Id.* at 219). Because of this, the court "ha[d] no sense, or no reason to believe that [Price] would hold himself anymore accountable now." (*Id.*).

The district court then acknowledged the "very serious concerns" outlined by defense counsel regarding Price's family struggles and financial hardships, stating that it was aware of them and had taken them into consideration. (*Id.*). But the court ultimately concluded that the importance of protecting the public from Price's dangerous behavior outweighed those concerns.

The district court stated that it had considered Price's history and characteristics, § 3553(a)(1), as well as public safety, § 3553(a)(2)(C). And it considered the need to provide Price with medical care under § 3553(a)(2)(D), recommending alcoholism treatment opportunities during Price's incarceration. Finally, the court considered the need to deter Price's repeated drunk driving under § 3553(a)(2)(B). Price objected to the sentence, adding for the record that the sentence was six times higher than the bottom of the Guidelines range. The district court told Price that after two prior OVI convictions for which it did not revoke his supervised release, this sentence was the only way to accomplish the most fundamental part of its job, which is to protect the public.

On March 22, 2023, the court entered its order. Price timely appealed.

**II.**

"We review sentences imposed for violations of supervised release 'under a deferential abuse of discretion standard' for reasonableness.'" *United States v. Adams*, 873 F.3d 512, 516 (6th Cir. 2017) (internal quotation marks omitted) (quoting *United States v. Bolds*, 511 F.3d 568, 575 (6th Cir. 2007)). Under the abuse of discretion standard, "factual findings will stand unless clearly erroneous and legal conclusions will stand unless our fresh review leads to a contrary conclusion." *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018). In that vein, "[a] district court's sentencing decision must be procedurally and substantively reasonable." *United States v. Gardner*, 32 F.4th 504, 529 (6th Cir. 2022). While procedural reasonableness concerns the method the district court has used to reach a chosen sentence, substantive reasonableness "considers whether the length of the sentence itself is reasonable given 'the totality of the circumstances.'" *Id.* (quoting *United States v. Wandahsega*, 924 F.3d 868, 886 (6th Cir. 2019)). We generally afford within-Guidelines sentences a presumption of reasonableness, but we "may not apply a presumption of unreasonableness" to a sentence outside the Guidelines range. *Gall v. United States*, 552 U.S. 38,

51 (2007). Further, where "a district court explicitly or implicitly considers and weighs all pertinent factors, a defendant clearly bears a much greater burden in arguing that the court has given an unreasonable amount of weight to any particular one." *United States v. Zobel*, 696 F.3d 558, 571 (6th Cir. 2012) (internal quotation marks omitted) (quoting *United States v. Thomas*, 437 F. App'x 456, 458 (6th Cir. 2011)). "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51.

### III.

*Procedural Reasonableness.* Price maintains that the district court "failed to undertake any analysis regarding several § 3553(a) factors," including failing to compare his sentence to other defendants similarly situated under § 3553(a)(6). He further contends that the court "gave little or no consideration to the lengthy description defense counsel provided regarding the life stressors [he] had been undergoing," thus rendering his sentence procedurally unreasonable. (Dkt. 20, Page 17). When determining whether a sentence is procedurally reasonable, we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range . . . or failing to adequately explain the chosen sentence— including an explanation for any deviation from the Guidelines range." *United States v. Branch*, 405 F. App'x 967, 969 (6th Cir. 2010) (internal quotation marks omitted) (quoting *Gall*, 552 U.S. at 51). The general rule is that the district court "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall*, 552 U.S. at 50 (citing *Rita v. United States*, 551 U.S. 338, 356–58 (2007)). With respect to the § 3553(a) factors, "a reasonable sentence based on consideration of the factors does not require a rote listing." *See United States v. Collington*, 461 F.3d 805, 809 (6th Cir. 2006).

The record reflects that the district court considered relevant § 3553(a) factors, including public safety, Price's history and characteristics, the need for continued medical care or other correctional treatment, and deterrence. While the district court did not explicitly name the § 3553(a) factors, it was not required to do so. *See United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006) ("[The defendant] correctly notes that the sentencing judge must consider the list of sentencing factors articulated in 18 U.S.C. § 3553(a). Such consideration, however, need not be evidenced explicitly . . . ."). The district court correctly calculated Price's Guidelines range for his violations as four-to-ten months imprisonment. And it adequately explained its reasons for varying upward from the Guidelines, stressing the need to protect the public from Price's dangerous behavior as one of its main considerations. *See* § 3553(a)(2)(C). Specifically, the court discussed how Price had violated his supervised released conditions when he was arrested for drunk driving on three separate occasions, all within close proximity of each other. The court reasoned that the three times Price drove a vehicle while drunk was the "equivalent of a loaded gun," and only through good fortune and not through any act of his own, no one was hurt. (R. 45, PageID 218). We have routinely upheld above-Guidelines sentences when defendants have been involved in multiple and repeated supervised-release violations. *See Bolds*, 511 F.3d at 582 (affirming as procedurally reasonable the defendant's above-Guidelines sentence for violating her supervised release where the district court noted the defendant's continued failure to comply with her supervised release); *see also United States v. Kirby*, 418 F.3d 621, 628 (6th Cir. 2005) (upholding the imposition of the statutory maximum term of imprisonment given the defendant's repeated supervised-release violations and continued criminality). This is unsurprising considering the appreciable breach of trust reflected by such repeated conduct.

The court also considered Price's history and characteristics as required by § 3553(a)(1). In addition to his repeated drunk driving convictions and violations of the "no alcohol" condition of supervised release, Price was noncompliant with other terms and conditions of supervised release, including his state indictment for trafficking in marijuana, failure to report to his probation officer, and failure to make monthly restitution payments. The court further considered Price's need for medical care, recommending alcoholism treatment opportunities such as Alcoholics Anonymous ("A.A.") meetings while Price was incarcerated. *See* § 3553(a)(2)(D). Finally, the court focused on the need for deterrence. *See* § 3553(a)(2)(B). It highlighted Price's failure to utilize the substance abuse treatment afforded him. Notably, Price's last drunk driving conviction occurred when he was in alcohol treatment and was driving under an already suspended license. The court rightfully noted that it had no assurance that Price would not simply continue to drink and drive, despite being given numerous chances to avoid placing himself and others in harms way.

Given the district court's discussion, Price's contention that it did not undertake any analysis regarding several § 3553(a) factors is without merit. He points us to *United States v. Morris*, a case in which a panel of this court found the defendant's sentence both procedurally and substantively unreasonable. 71 F.4th 475, 483–85 (6th Cir. 2023). But that case is readily distinguishable. By way of background, *in Morris* this court vacated the original sentence for supervised release violations and remanded to the district court pursuant to a joint motion from the parties that sought to address a change in the law concerning the grade designation of one of Morris's violations, which resulted in a significantly lower advisory Guidelines range. On remand the district court reimposed the same sentence, which exceeded the then-applicable high end of the Guidelines range by 21 months. *Id.* at 480. Importantly, however, *Morris* found that the district

court did not adequately explain its rationale for imposing consecutive sentences—a decision that took the sentence well beyond the advisory Guidelines range. The district court's explanation in *Morris* only tied the chosen sentence to the court's desire to impose the same sentence it had imposed before the remand and not to its analysis of the § 3553(a) factors or any sentencing document. We found that "such an explanation does not promote the perception of fair sentencing" as required by *Gall*. *Id.* at 483.

By contrast, Price's main complaint is that the district court did not consider the potential for unwarranted sentencing disparities under § 3553(a)(6) in arriving at his sentence. But the court was not required to explicitly mention this factor. *See United States v. Husein*, 478 F.3d 318, 330 (6th Cir. 2007) ("The district court need not discuss each and every § 3553(a) factor, but the reasons that it does provide for the sentence must sufficiently reflect considerations akin to those enumerated in the statute."); *see also United States v. Bridgewater*, 479 F.3d 439, 442 (6th Cir. 2007) ("Not all [factors] are important in every sentencing; often one or two prevail, while others pale."). And the record shows that the district court considered the length of Price's sentence and decided his three recent drunk driving convictions while under supervision along with his repeated disregard of his supervised release conditions, including the "no alcohol" provision, warranted the sentence it ultimately imposed. Price's complaint that the court gave little or no consideration to his life stressors fares no better. The court considered Price's history and characteristics when it heard from him concerning his alcoholism, family issues, and financial hardships. The court acknowledged these "very serious concerns," and indicated it had "taken [them] into consideration." (R. 45, PageID 219). We are therefore satisfied that the court listened to each argument, considered the supporting evidence, proceeded only after being made fully aware of the defendant's circumstances, and imposed a sentence that took them all into account. *Rita*, 551 U.S.

at 358. Based on the foregoing, we find that the sentence was procedurally reasonable and that the court did not abuse its discretion.

*Substantive Reasonableness.* The district court likewise did not abuse its discretion by varying upward from the advisory Guidelines range of 4 to 10 months. Price argues that "the district court placed far too much weight on the protection of the public, while giving no weight whatsoever to [his] family health concerns or the financial hardships that lead to his alcohol use in the first instance," resulting in a substantively unreasonable sentence. (Dkt. 20, Page 20). "A sentence is substantively unreasonable if the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United States v. Melton*, 782 F.3d 306, 312–13 (6th Cir. 2015) (internal quotation marks omitted) (quoting *United States v. Kirchhof*, 505 F.3d 409, 413 (6th Cir. 2007)). Weighing the factors "is a matter of reasoned discretion, not math." *Rayyan*, 885 F.3d at 442. And, "[t]he greater the variance, the more compelling the justification must be." *United States v. Perez-Rodriguez*, 960 F.3d 748, 754 (6th Cir. 2020) (quoting *Gall*, 552 U.S. at 50). While a district court may not impose a punishment for the violation conduct itself, it may sanction the "breach of trust" associated with a violation. *See Morris*, 71 F.4th at 482 (citing *United States v. Johnson*, 640 F.3d 195, 204 (6th Cir. 2011)). In doing so, a "district court[] may consider the seriousness of the violation conduct when determining the sanction for the breach of trust associated with a supervised-release violation." *Id.*; *see Bolds*, 511 F.3d at 582.

Here, the district court justified its imposition of the statutory maximum sentence. And as Price concedes, the court could consider the seriousness of the violation conduct. That the court was seeking to sanction the breach of trust associated with Price's violation is demonstrated by its explanation that it had given Price multiple chances; it had declined to revoke Price's supervised

release following his first drunk driving conviction and again after his second drunk driving conviction. Instead, the court modified Price's conditions of release, requiring him to attend or continue treatment for his addiction after both incidents. Yet, Price failed to take advantage of the treatment offered to him. As his probation officer advised the court, the treatment "didn't take, didn't work." (R. 45, PageID 214). Further, the district court's emphasis on protecting the public's safety from Price's persistent drunk driving was permissible. The court did not weigh this factor in a vacuum. It also considered Price's history and characteristics, the need for continued medical care, and deterrence. Price's argument essentially "boils down to an assertion that the district court should have balanced the § 3553(a) factors differently." *United States v. Goode*, 834 F. App'x 218, 221 (6th Cir. 2020) (quoting *United States v. West*, 962 F.3d 183, 191 (6th Cir. 2020)). But we have held that "our job is not to rebalance the factors; it is to ensure that the district court's balance was reasonable." *Id.* And in this instance, the district court's weighing of the public's safety and consideration of the violation conduct did not amount to an abuse of discretion. Price's 24-month sentence was, therefore, substantively reasonable.

## IV.

For the reasons set forth above, we affirm the judgment of the district court.